UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.R., a minor; by and through his parent and guardian, KATIE RICE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | No. 1:19-cv-00220-DAD-BAM<br><br>ORDER REQUIRING FURTHER BRIEFING REGARDING JOINT PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Doc. No. 1) |

On February 14, 2019, the parties initiated this action by filing a joint petition for approval of minor's compromise. (Doc. No. 1.) This petition was not filed in an existing case, and no complaint invoking the court's subject matter jurisdiction has been filed in this matter.

The parties' dispute centers on the educational services provided to a minor, P.R., who alleges that untrained employees of the Fresno Unified School District physically restrained and assaulted him. (*Id.* at 2.) The parties proceeded to a due process hearing before the Office of Administrative Hearings on August 13, 2018, pursuant to the Individuals with Disabilities Education Act ("IDEA"). (*Id.*) That administrative proceeding is ongoing and has apparently been continued pending this court's approval of a settlement between the parties. (*Id.*)

As a threshold matter, legal proceedings have not been commenced in this court regarding the underlying dispute. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The parties nonetheless assert that the court would have jurisdiction over any

1

such complaint under 42 U.S.C. § 1983 and 29 U.S.C. § 794. (*Id.*) However, the parties have not presented any authority indicating that this court has jurisdiction to approve a settlement of a minor's claim when that claim and dispute is not actually pending before the court.

That said, the parties' assertion that subject matter jurisdiction would exist is accurate. The court has subject matter jurisdiction over claims that arise under federal law. 28 U.S.C. § 1331. Here, the parties aver that the claims at issue arise under 42 U.S.C. § 1983 and 29 U.S.C. § 794. (Doc. No. 1 at 2.) In light of the foregoing, the court will construe the parties' joint filing as both a complaint brought under 42 U.S.C. § 1983 and 29 U.S.C. § 794[1] and a petition for approval of minor's compromise.

Turning now to the merits of the petition for approval of minor's compromise, this court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a

---

[1] In the IDEA context, such federal claims are subject to the IDEA's exhaustion requirement under 20 U.S.C. § 1415(*l*). This exhaustion requirement, however, is not jurisdictional. *See Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 867–71 (9th Cir. 2011) ("Section 1415 is written as a restriction on the rights of plaintiffs to bring suit, rather than as a limitation on the power of the federal courts to hear the suit. That textual choice strongly suggests that the restriction may be enforced by defendants but that the exhaustion requirement may be waived or forfeited."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rules 202(b)–(c).

Here, the court lacks sufficient information to be able to determine the fairness and reasonableness of the proposed minor's compromise. The pending petition does not disclose the causes of action to be settled, the manner in which the settlement terms were determined, or the interest of the minor's attorney, as required by Local Rule 202. The parties moreover have failed to identify any jury verdicts or settlements in analogous cases that would support approval of the proposed settlement here.

Accordingly, because the court is presently unable to determine whether the propose minor's compromise is fair and reasonable, the court will require further briefing from the parties addressing this issue. The parties will be granted fourteen days from the date of service of this order in which to submit their supplemental briefing in support of the petition for approval of minor's compromise.

IT IS SO ORDERED.

Dated: **March 19, 2019**

UNITED STATES DISTRICT JUDGE